SUMMARY ORDER

Petitioner Ling Ling Zhu, a native and citizen of the People’s Republic of China, seeks review of a June 12, 2007 order of the BIA denying her motion to reopen. In re Ling Ling Zhu, No. A077 774 561 (B.I.A. June 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jiani Hui Shoo v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Zhu’s untimely motion to reopen or in finding her ineligible to file a successive asylum application.
Zhu argues that the BIA erred in finding that the documentation she submitted in support of her motion failed to establish either changed country conditions excusing the untimeliness of her motion or a prima facie eligibility for relief. However, we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the *81 agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
In addition, Zhu’s argument that she is entitled to file a successive asylum application based on her changed personal eircumstanees-specifically the birth of her two U.S.-born children-is foreclosed by our decision in Yuen Jin v. Mukasey, 538 F.3d 143 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).